UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Alexis Spratley, | ) |
| | ) |
| Plaintiff, | ) Civil Action Number: |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| SIRKO & ASSOCIATES, LLC | ) |
| | ) |
| Defendant. | ) |

**FAIR LABOR STANDARDS MINIMUM WAGE COMPLAINT**

COMES NOW Plaintiff Alexis Spratley (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant SIRKO & ASSOCIATES, LLC (hereinafter "Sirko"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of her lawful minimum hourly

1

and overtime wages during the approximate period between September and October 2019.

2. Defendant employed Plaintiff as a security guard.

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek and by failing to compensate Plaintiff at least the federally required minimum wage for all hours worked

4. Plaintiff seeks unpaid minimum hourly wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Douglasville, Georgia (within the Federal Northern District of Georgia) and is a citizen of the United States.

8. Plaintiff was employed by Defendant to provide security services to its customers.

9. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

10. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant.

11. Defendant Sirko & Associates, LLC is a domestic limited liability company formed under the laws of the State of Georgia and owns and operates a security service whose Principal Office Address is 3030 Holcomb Bridge Road, Suite A, Norcross, Georgia, 30071.

12. Defendant conducts business within this State and District.

13. Defendant maintained either actual or constructive control, oversight and direction of Defendant's operations, including the employment and pay and other practices of that operation.

14. Defendant Sirko is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Sarah Lim Sirko at 5539 Fern Creek Drive, Lilburn, GA, 30047.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action Plaintiff was engaged in commerce or in the production of goods for commerce.

17. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

18. The minimum hourly wage provisions set forth in § 206 of the FLSA applies to Defendant.

19. The overtime provisions set forth in § 207 of the FLSA applies to Defendant.

20. Defendant hired Plaintiff to provide security services to Defendant's clients.

## FACTUAL ALLEGATIONS

21. Plaintiff was required to work a set schedule which schedule was set by Defendant and required Plaintiff to work in excess of forty (40) hours a week.

21. At all times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

22. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

23. Defendant paid Plaintiff on an hourly basis.

24. Plaintiff was a nonexempt employee of Defendant and was not paid overtime wages for all weeks in which she worked more than forty hours.

25. At times relevant to this action, Plaintiff's hourly wages were less than the federal minimum hourly wage for employees.

26. Defendant failed to meet the requirements for paying Plaintiff minimum wage for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

27. Defendant is liable to Plaintiff for compensation for all time worked in which she was paid at a rate of pay less than the federal minimum hourly wage

for employees.

28. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

29. Defendant determined the nature of the work Plaintiff was to perform, and maintained complete control over the manner in which the work was to be performed.

30. The Plaintiff's opportunity for profit or loss was non-existent.

31. The Plaintiff's investment in equipment or materials if any was immaterial.

32. The services rendered by Plaintiff to the clients of Defendant did not require a special skill.

33. There was a high degree of permanency and duration of the working relationship between the Defendant and Plaintiff.

34. Plaintiff was economically dependent upon her job with Defendant.

35. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

36. Defendant is liable to Plaintiff for compensation for any and all time

worked in excess of forty (40) hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

42. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

43. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

44. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

45. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of minimum wage compensation in accordance with the law in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post- judgment interest, attorneys' fees, costs and other relief.

## COUNT II

46. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

47. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

48. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount required by law.

49. As a result of Defendant's violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate as required by law in accordance with §§ 203 and 207 of the FLSA.

50. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

51. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in amounts required by in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount(s) of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which

he may be entitled.

Respectfully submitted this 18th day of November, 2019.

                              MARTIN & MARTIN, LLP

                              By: /s/ Thomas F. Martin
                              Thomas F. Martin
                              tfmartinlaw@msn.com
                              Georgia Bar No. 482595
                              Kimberly N. Martin
                              kimberly martinlaw@.gmail.com
                              Georgia Bar No. 473410

                              MARTIN & MARTIN, LLP
                              Post Office Box 1070
                              Tucker, Georgia 30085-1070
                              (770) 344-7267