IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALEXIS SPRATLEY**, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. 1:19-CV-05200-SDG |
| v. | ) |
| | ) |
| **SIRKO & ASSOCIATES, LLC,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff **ALEXIS SPRATLEY** ("Plaintiff"), and Defendant **SIRKO & ASSOCIATES, LLC**, ("Defendant") (Plaintiff and Defendant collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.    Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under

the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her alleged former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of wages under the FLSA. The Parties vigorously dispute whether Defendant willfully, intentionally and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, by failing to properly pay minimum wage compensation. The Parties further dispute whether Defendant willfully, intentionally, and /or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, by failing to properly pay overtime compensation in an amount required by law. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. The Parties also dispute whether damages would be calculated in the amount of unpaid compensation ,plus equal amount of liquidated damages, attorneys' fees, costs and expenses. The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel discussed the disputed

factual and legal issues over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.  Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A". Plaintiff alleges that, Defendant willfully, intentionally and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, by failing to properly pay minimum wage compensation. Plaintiff alleges that, Defendant willfully, intentionally, and /or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, by failing to properly pay overtime compensation in an amount required by law. Defendants dispute all these allegations.

 Defendants assert a number of defenses to Plaintiff's claims, including that:

Plaintiff's Complaint fails to state a claim upon which relief may be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiff attempts to raise.

All employment actions taken by Defendant with respect to Plaintiff were and are based on legitimate compensation practices and Defendant acted at all times in good faith.

To the extent Plaintiff engaged in misconduct, violation of Company policies, or other conduct that would have resulted in her termination by or would have precluded her from obtaining employment with Defendant, had Defendant discovered such conduct, Plaintiff barred from recovering a remedy.

Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages, if any.

Plaintiff failed to properly serve Defendant and thus jurisdiction is lacking.

The Parties resolved this action through direct negotiations via counsel, and through lengthy negotiations were able to reach a resolution that disposes of Plaintiff's claims and also provides her with a mutual release of any claims Defendants may have against her. The Parties are confident that the settlement reflects a fair resolution of Plaintiff's claims given the heavily disputed legal and factual issues and the evidence reviewed by the Parties during the litigation.

The total settlement is $1,832.50. Of the total settlement amount, Plaintiff will receive $832.50. Pursuant to Plaintiff's contingency fee agreement, Plaintiff's counsel will receive $1,000.00.

## III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss this action.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted, this _1_ day of April, 2020.

| | |
|---|---|
| */s/ Thomas Martin* | */s/ Monica A. Teasley* |
| Plaintiff's Counsel | Defendant's Counsel |
| Georgia Bar No. 482595 | Georgia Bar No. 781153 |
| Attorney for Plaintiff | Attorney for Defendant |
| Martin & Martin, LLP | 5300 Memorial Drive, Suite 119 |
| Tucker, Georgia 30085-1070 | Stone Mountain, Georgia 30083 |
| 770.344.7267 | 404.377.5512 |
| | |
| | *With permission by Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ALEXIS SPRATLEY**, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No.  1:19-CV-05200-SDG |
| v. | ) | |
| | ) | |
| **SIRKO & ASSOCIATES, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This _1_ day of April, 2020.

>  */s/ Monica A. Teasley*
>  Defendant's Counsel
>  Georgia Bar No. 781153

Teasley Law Group, LLC
5300 Memorial Drive
Suite 119
Stone Mountain, Georgia 30083
404.377.5512
mteasley@teasleylawgroup.com